348 So.2d 887 (1977)
THE FLORIDA BAR, Complainant,
v.
Samuel A. PRICE, Respondent.
No. 51862.
Supreme Court of Florida.
July 28, 1977.
Elinor P. Smith, Asst. Staff Counsel, Tallahassee, for The Florida Bar, Complainant.
PER CURIAM.
This matter is before the Court on Petition for Approval of Conditional Guilty Plea and Entry of Final Order of Discipline.
The petition filed by The Florida Bar sets forth as follows:
1. During the summer of 1975, Respondent, Samuel A. Price, represented a Mr. T.J. Tucker in a mortgage foreclosure action.
2. The plaintiff-mortgagee, against the advice of his own attorney, talked directly with Mr. Tucker about a "deal"  a portion of the mortgaged property would be voluntarily signed over to the plaintiff and Mr. Tucker would retain the rest, borrowing from the Small Business Association to pay the plaintiff.
3. Mr. Tucker and the plaintiff insisted that Respondent prepare an agreement reciting the deal. When Respondent attempted to call plaintiff's attorney and found him unavailable, he prepared the agreement.

*888 4. Mr. Tucker signed the agreement, as did the plaintiff, despite Respondent's advice to see his own attorney.
5. In February of 1976, plaintiff's attorney filed a motion for summary judgment. Respondent's partner informed the court of the agreement at that time, but the court entered a summary judgment and Mr. Tucker's property was bought by the plaintiff at the foreclosure sale.
6. Respondent's neglect in failing to file any pleadings or affidavits prior to the summary judgment hearing on the defense of the agreement prejudiced his client's interest.
7. During September of 1975, Respondent represented a client, Mary Fowler, in the purchase of an apartment building.
8. The sellers eventually decided not to sell to Ms. Fowler.
9. The broker for the realty company handling the property then approached Respondent about buying the property and deeding it to Respondent's client. After much pressure from the broker, Respondent finally agreed to the proposition.
10. Just before the closing, the sellers discovered that Respondent had several judgments entered against him. One of these judgments was for a suit on a promissory note given by the Central Bank of Palm Beach.
11. Respondent was again pressured, this time to borrow money to pay off the judgments.
12. Respondent was able to borrow enough money for some, but not all of the judgments.
13. On September 19, 1975, Respondent signed and entered a false satisfaction of judgment for the suit on the promissory note.
14. Shortly after the false satisfaction of judgment was discovered by Central Bank, Respondent paid the judgment. A valid satisfaction of judgment was entered on October 2, 1975.
15. Pursuant to complaints filed by Mr. Tucker and counsel for Central Bank, investigative proceedings were held on May 28, 1976, by the Fifteenth Judicial Circuit Grievance Committee "C."
16. On September 20, 1976, Committee 15C found probable cause in both complaints justifying further disciplinary proceedings against Respondent. The committee also found several factors in mitigation of Respondent's unethical conduct.
17. In the Tucker complaint, the committee found that Respondent's neglect was mitigated by the client's failure to comply with the agreement and the irresponsible attitude of both Respondent's client and the plaintiff in not working through their attorneys.
18. Mitigating both of the complaints was Respondent's many personal problems at the time. His practice was failing, as was his marriage, he was in poor health and his child had just died. Respondent began seeing a psychiatrist for the emotional stress caused by these problems.
19. On September 23, 1976, Respondent filed a statement of intent to file a conditional guilty plea for a private reprimand in the Tucker complaint and a 30-day suspension in the complaint by Central Bank.
20. At its March 1977 meeting, the Board of Governors of The Florida Bar found probable cause in both cases against Respondent. Rather than accepting the tendered plea of a Board level private reprimand in one case and a 30-day suspension in the other, however, the Board authorized staff counsel to accept a consent judgment for a 30-day suspension on the consolidated cases. A copy of staff counsel's letter to respondent's attorney, offering a consent judgment is attached hereto as EXHIBIT "1." See following illustration.
*889
 "April 27, 1977
CONFIDENTIAL
Mr. James Gavigan
1675 Palm Beach Lakes Boulevard
West Palm Beach, Florida
Re: The Florida Bar v. Samuel A. Price
 Case Nos. 15C-75-20-A and 15C-75-21-A
Dear Mr. Gavigan:
I am writing to you as attorney for Mr. Price in the above grievance case. If you are no longer acting as his attorney, please forward this letter to Mr. Price.
At the March Board of Governors meeting, the Board of Governors found probable cause in the above cases. Rather than accepting the tendered plea of a Board level private reprimand in one case and a 30-day suspension in the other, the Board authorized staff counsel to accept a consent judgment for a 30-day suspension on the consolidated cases. Please advise Mr. Price of the Board's recommendation and determine his views on the matter. If he wishes to accept the Board's recommended discipline, please have him sign the enclosed Conditional Guilty Plea and return the original and one copy to me.
Sincerely,

Elinor P. Smith
EPS: tmT23
Enclosure
EXHIBIT `1'"
21. Thereafter, staff counsel submitted a conditional guilty plea for consent judgment to Respondent. The original conditional plea for consent judgment, executed by Respondent, is attached hereto as EXHIBIT "2." See following illustration.
*890
 "IN THE SUPREME COURT OF FLORIDA
 The Florida Bar, RECEIVED
 Complainant, JUN-8 '77
 The Florida Bar
 v.
 Samuel A. Price, CONFIDENTIAL
 Cases Nos. 15C-75-20-A
 Respondent. and 15C-75-21-A
 ________________________/
CONDITIONAL GUILTY PLEA FOR CONSENT JUDGMENT
COMES NOW the undersigned Respondent and files this Conditional Guilty Plea to the grievance committee report filed herein. This conditional plea is filed pursuant to Integration Rule 11.13(6) and tendered in exchange for the following disciplinary measures to be imposed on the Respondent, to wit:
A 30-day suspension in the above consolidated cases involving neglect in a foreclosure case, and forgery of a satisfaction of judgment.
If this conditional plea is not finally approved by the Board of Governors and by the Supreme Court, if Court approval is required, then it shall be of no effect and may not be used against the Respondent in any way.
If this plea is accepted then Respondent agrees to pay all costs in the grievance committee proceedings to which this plea relates shall be paid by the Respondent including the $50 administrative costs at the grievance committee level as provided in Integration Rule 11.06(9) (a).

EXHIBIT `2'"
The conditional guilty plea for consent judgment is hereby approved by the Court and Respondent, Samuel A. Price, is hereby disciplined by public reprimand to be published in the Southern Reporter; a thirty (30)-day suspension to begin September 1, 1977 (with automatic reinstatement); and with Respondent giving notice to his clients pursuant to Rule 11.10(6) of the Integration Rule of The Florida Bar.
Costs in the amount of One Hundred Fifty-One Dollars and Ninety Cents ($151.90) are hereby taxed against Respondent, said sum to be paid within thirty (30) days from this date.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND and KARL, JJ., concur.